United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL AWENANYA ASUGNYA,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-04924 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Israel Awenanya Asugnya filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 19. For the reasons that follow, the Court GRANTS the petition in part.

The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner first entered the United States sometime in 2018 pursuant to an F-1 student visa valid through November 22, 2021. Dkt. No. 11-1 at 10. He does not allege having involvement with immigration authorities between 2021 and his current detention, though he has had several encounters with law enforcement; most recently convictions for threat of violence and violation of a protective order entered on June 9, 2025 and June 10, 2025, respectively. *Id*. at 18–20. ICE encountered Petitioner at the Adult Probation and Parole Office in Provo, Utah on February 9, 2026. *Id*. at 10. After issuing an administrative warrant, ICE arrested him and served him a Notice to Appear, charging him as inadmissible for overstaying his visa, and placing him in removal proceedings. *Id*. at 5, 23.

Respondents argue that Petitioner's detention is lawful under 8 U.S.C. § 1226(a), and he

United States District Court
Eastern District of California

should be required to request a custody redetermination hearing before an Immigration Judge prior to seeking release in habeas. *Id*. at 3–4. The Court agrees and finds that, on the current record, Petitioner has failed to state a due process claim entitling him to immediate release.

Under circumstances where the Government failed to make any showing that they abided by the procedures authorizing detention under § 1226(a), courts have granted immediate release. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence that Petitioner was arrested with a warrant or that an initial custody determination was made prior to detention); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226(a)); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *See Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the record presented here, a prompt bond hearing is proper. Respondents have submitted evidence demonstrating that they abided by § 1226(a)'s requirements when detaining Petitioner, and have conceded that Petitioner may request a bond hearing at any time. Further, Petitioner has not presented sufficient facts to support a finding that he was entitled to a hearing prior to his detention, or that his detention under § 1226(a) has become unconstitutionally prolonged at this juncture.

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing

regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request.

The Clerk of Court is directed to close this case and enter judgement for Petitioner.

**IT IS SO ORDERED.**

Dated: September 25, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California